Gu v. Garland

BIA
Christensen, IJ
A208 019 273

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of November, two thousand twenty-two.

PRESENT:
        DEBRA ANN LIVINGSTON,
                *Chief Judge,*
        JOHN M. WALKER, JR.,
        ALISON J. NATHAN,
                *Circuit Judges.*

_____

XIANG GU,
        *Petitioner,*

        v.                                            20-3068
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:                John Chang, Esq., New York, NY.

**FOR RESPONDENT:**    Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Gu, a native and citizen of the People's Republic of China, seeks review of a September 4, 2020, decision of the BIA affirming a September 19, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Gu*, No. A208-019-273 (B.I.A. Sept. 4, 2020), *aff'g* No. A208-019-273 (Immig. Ct. N.Y. City Sept. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law *de novo*).

It is undisputed that Gu is not eligible for asylum solely based on his former wife's forced abortion in 2012. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 309–10 (2d Cir. 2007) (en banc). Nevertheless, he may still qualify for asylum if (1) he engaged in "resistance" to the family planning policy, and (2) he suffered harm rising to the level of persecution, or he has a well-founded fear of suffering such harm, as a direct result of his resistance. 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 313. The BIA has defined "resistance" in the context of coercive family planning to "cover[] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *In re S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006); *see also Shi Liang Lin*, 494 F.3d at 313.

Even assuming that Gu was targeted for engaging in resistance to the family planning policy, he failed to

3

establish that he suffered harm rising to the level of persecution on account of that resistance because he did not allege that he suffered "severe economic disadvantage" after he was fired or after he closed his businesses due to depression caused by his former wife's forced abortion.  *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) (requiring applicant to show "that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation marks omitted)).

Because Gu did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  The agency also reasonably found that Gu failed to demonstrate an independent well-founded fear of future persecution because he did not assert a fear that anything would happen to him if he returned to China, stating only that he would continue to be disappointed by the government.  *See id.* § 1208.13(b)(2). That finding was dispositive of asylum, withholding of removal, and CAT protection.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court